## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID NASCIMBEN,

     Plaintiff,

v.                               Case No. 8:24-cv-98-WFJ-SPF

FELD ENTERTAINMENT, INC.,

     Defendant.

_____/

## <u>ORDER</u>

Before the Court is Defendant's motion to dismiss (Dkt. 12), Plaintiff's response in opposition (Dkt. 17), and Defendant's reply (Dkt. 29).  After careful consideration of the allegations of the complaint (Dkt. 1), the submissions of the parties, and the applicable law, the Court concludes the motion should be granted, with leave given to Plaintiff to amend.

## BACKGROUND

Plaintiff David Nascimben brings this disability discrimination action against his former employer Feld Entertainment, Inc. ("Feld Entertainment") pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., seeking damages for termination, failure to accommodate his disability, and retaliation.  Feld Entertainment seeks dismissal, arguing that Mr. Nascimben has failed to state any facially plausible claims of intentional disability-based

discrimination.  Defendant also argues that Plaintiff's claims are time-barred for failure to file this lawsuit within 90 days of the Equal Employment Opportunity Commission ("EEOC") issuing its notice of right to sue.  Finally, Defendant raises insufficiency of both process and service of process.

## PERTINENT ALLEGATIONS

The following facts are taken from the complaint, which this Court accepts as true and construes all factual, not conclusory, allegations in the light most favorable to the non-moving party, Plaintiff.[1]  Dkt. 1.  Mr. Nascimben began working for Feld Entertainment on January 3, 2022.  Dkt. 1-2 ¶ 1.  He was employed as a senior video editor in the post production department.  *Id*.

On February 17, 2022, Mr. Nascimben was admitted to the hospital for outpatient surgery on his arm, hand, and wrist.  *Id*. ¶ 4.  Due to complications, he was required to stay in the hospital longer than anticipated.  *Id*. ¶ 6.  Feld Entertainment granted his request for an accommodation to work remotely for an estimated six weeks.  *Id*. ¶¶ 7–8.

On April 4, 2022, Mr. Nascimben contacted Defendant to request additional time for the remote work accommodation.  *Id*. ¶ 9.  Two days later, on April 6, Feld Entertainment fired him.  *Id*. ¶ 10.

---

[1] *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

On June 23, 2022, Mr. Nascimben timely filed a charge of disability

discrimination and retaliation with the EEOC.  Dkt. 1-3 (charge of discrimination).

In the charge, Plaintiff states:

> On or around April 1, 2022, I requested an extension to the existing
> accommodation due to complications related to my disability.
> Respondent didn't respond to my request and instead, I was discharged
> on or around April 6, 2022. I believe that I was discriminated against
> because of my disability, as well as in retaliation for requesting a
> reasonable accommodation, in violation of the Americans with
> Disabilities Act, as amended.

*Id*.  The EEOC issued its notice of right to sue on August 28, 2023.  Dkt. 4 at 1

(EEOC's electronic log).

Plaintiff filed this lawsuit on January 10, 2024.  Dkt. 1.  Mr. Nascimben

separately filed a "supplement" (the EEOC's electronic log) to his complaint.  Dkt.

4.  The log shows that the EEOC's "Closure Notice/NRTS" (Notice of Right to

Sue) and "Investigative Memorandum" were uploaded on August 28, 2023.  Dkt. 4

at 1.  That same day, Plaintiff was emailed a notification that the document was

available on the EEOC portal.  *Id*. at 1.  On September 5, 2023, the EEOC emailed

Mr. Nascimben a reminder that the "Closure Notice/NRTS" was available to

download.  *Id*. at 1.  According to the same electronic log, Plaintiff did not

download the notice until October 22, almost two months after it was uploaded by

the EEOC.  *Id*. at 1, 2 ("The Charging Party has Downloaded Document Type:

Closure Notice/NRTS" at entry 10/22/2023).

Ninety days after August 28, 2023, was November 26, a Sunday, which makes Monday, November 27, the last day to timely file a complaint. Mr. Nascimben was not represented by counsel before the EEOC.

## LEGAL STANDARD

A complaint withstands dismissal under Rule 12(b)(6) if the alleged facts state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, all facts, and not legal conclusions, are accepted as true and all reasonable inferences from those facts are viewed in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (concerning reasonable inferences); *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (stating legal conclusions "couched" as facts need not be accepted as true).[2]

Documents may be considered if they are central to, referenced in, or attached to the complaint, as well as matters judicially noticed. *LaGrasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), *abrogated on other grounds by Twombly*, 550 U.S. 544 (2007). Documents attached to a motion to dismiss may also be considered without converting the motion into one for summary judgment if the documents are (1) central to the plaintiff's claim, and (2) undisputed (if their

---

[2] *See also Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) (stating "legal conclusions masquerading as facts" will not prevent dismissal).

4

authenticity is not challenged).  *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir.

2002).  Should an exhibit to the complaint conflict with the allegations of the

complaint, the exhibit controls.  *Fine Kitchens & Baths by Peter, LLC v. Interstate*

*Restoration, LLC*, No. 2:24-cv-137-JES-KCD, 2024 WL 1466179, at *2 (M.D. Fla.

Apr. 4, 2024) (citing *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir.

2016)).

Courts must liberally construe pleadings filed by a *pro se* litigant.  *Alba v.*

*Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing T*annenbaum v. United*

*States*, 148 F.3d 1262, 1263 (11th Cir. 1988)).  Applying a more lenient standard,

however, does not excuse *pro se* litigants from following the rules of procedure.

*See Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  A court cannot redraft a

*pro se* complaint to state a viable action.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d

1165, 1168 (11th Cir. 2014) (citation omitted).

## DISCUSSION

Defendant Feld Entertainment seeks dismissal on three grounds: (1) failure

to timely file this lawsuit within ninety days of receipt of the notice of the right to

sue; (2) failure to state a claim for relief; and (3) lack of personal jurisdiction

resulting from insufficient process and service of process.

## I.     Timeliness of suit: Ninety days after receipt

Once a plaintiff exhausts administrative remedies, a civil action under the ADA must be filed "within ninety days after the giving of [EEOC's notice]."  42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) (incorporating procedures of § 2000e-5 of Title VII into ADA enforcement); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir 1999).  Although not jurisdictional, and therefore subject to equitable tolling, the ninety-day deadline is mandatory.  *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 550–52 (2019) (holding that Title VII's charge-filing provisions are non-jurisdictional); *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017) (holding same and noting that Title VII and ADA's equitable tolling applies only in "extraordinary circumstances" both beyond plaintiff's control and unavoidable even with diligence).  Thus, when the defendant contests timely filing of suit, the burden rests on the plaintiff to show that he filed the complaint within the ninety-day window by showing any delay was through no fault of his own.  *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002); *Zillyette*, 179 F.3d at 1339–41.[3]

---

[3] "Dismissal is appropriate when the plaintiff fails to file [the] lawsuit within 90 days of receiving a right-to-sue letter, unless [the plaintiff] shows that the delay was through no fault of [the plaintiff's] own."  *Bryant v. U.S. Steel Corp.*, 428 F. App'x 895, 897 (11th Cir. 2011) (unpublished order) (citing *Zillyette*, 179 F.3d at 1339–41).

In the Eleventh Circuit, district courts must decide these timeliness issues "on a case-by-case basis to fashion a fair and reasonable rule for the circumstances of each case." *Zillyette*, 179 F.3d at 1340–41. The ninety-day window is strict and equitable relief is granted sparingly. Courts have determined that filing suit 91 days after receipt of the notice of right to sue is time-barred. *See*, *e.g.*, *Norris v. Fla. Dep't of Health & Rehab. Servs.*, 730 F.2d 682 (11th Cir. 1984) (affirming summary judgment based on untimeliness of plaintiff's complaint filed 91 days after receipt of notice); *Richardson v. Excel Glob. Logistics, Inc.*, No. 1:14-cv-129 (LJA), 2015 WL 13234512, at *1 (M.D. Ga. Dec. 18, 2015) (dismissing with prejudice Title VII claims when plaintiff's complaint was filed 91 days after receipt of notice).

Generally, the date of receipt is established by the plaintiff's actual receipt of a mailed notice from the EEOC. *Robbins v. Vonage Bus., Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020) (unpublished) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005)).[4] *Robbins* discussed the EEOC's mailing a right-to-sue letter to the last known mailing address of the plaintiff. When the date of receipt is

---

[4] *Winsor v. Home Depot U.S.A., Inc.*, 743 F. App'x 335, 336 (11th Cir. 2018) (unpublished order) (declining to impose "actual receipt" requirement because it may foster "manipulable open-ended time extension which would render the statutory limitation meaningless" and quoting *Law v. Hercules, Inc.*, 713 F.3d 691, 692–93 (11th Cir. 1983)).

disputed, notice by mail through the U.S. postal service is "presume[d] . . . received three days after its issuance." *Robbins*, 819 F. App'x at 866–67.

There is no indication if or when a notice was ever mailed to Mr. Nascimben using the postal service, and *Robbins* does not address receipt by email. Apparently, giving notice using the postal service is no longer automatic, and the EEOC may use exclusively email to send notice. *See Johnson v. Healthy Reasons Inc.*, No. 1:22-cv-3068-WMR, at Dkt. 60 (N.D. Ga. Feb. 15, 2024) ("[R]ecent caselaw reveals that the EEOC has begun sending right-to-sue notices electronically via email and documents downloaded from the EEOC portal."), *adopted*, at Dkt. 62 (N.D. Ga. June 17, 2024).  The EEOC's form notice, the one used in the instant case, states that a lawsuit must be filed in court "**within 90 days of the date you *receive* this Notice**.  Receipt generally means the date when you (or your representative) opened this email or mail."  Dkt. 4 at 5 (emphasis in original).

Courts outside of the Eleventh Circuit have held that notice is received when either the claimant or representative (counsel) is sufficiently informed by the EEOC.  *See, e.g., Johnson*, *id*. at Dkt 60 at 16–17 (citing cases from other jurisdictions); *Young v. Martin Marietta Materials Inc.*, No. 6:22-cv-272-JCB, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022) (finding that plaintiff's counsel's receipt of email from EEOC constitutes sufficient notice of right to sue

8

and noting that courts in the Fifth Circuit have held that when claimant receives

notice issued through means other than mail, "the 90-day period commences

regardless of whether the letter has been received"), *adopted*, 2023 WL 36069

(E.D. Tex. Jan. 4, 2023).[5]  Some courts have compared failing to open and read an

email with ignoring traditional mail received through the postal service.  *See*

*McDonald v. St. Louis Univ.*, No. 4:22-cv-1121-SRC, 2023 WL 4262539, at *5

(E.D. Mo. June 29, 2023) (citing *McNaney v. Sampson & Morris Group, Inc.*, No.

2:22-cv-1809, 2022 WL 1017388, at *3–4 (W.D. Pa. Apr. 5, 2022), which

dismissed with prejudice claims as untimely where attorney failed to open the

email link).  It has been said to be "irrelevant" exactly when the plaintiff or counsel

"actually followed the link to access the right-to-sue letter on the EEOC portal, or

received a copy of the right-to-sue letter via another means."  *McDonald*, 2023 WL

4262539, at *5 (citing *McNaney*, 2022 WL 1017388, at *4). [6]

---

[5] *See also Moses v. Home Depot Inc.*, Civ. No. 16-2400 (MAS)(DEA), 2017 WL 2784710, at *6
(D. N.J. June 27, 2017) (granting motion to dismiss where complaint was filed after 90-day
period because the date email was received in plaintiff's inbox is the date of receipt).  In *Moses*,
the complaint alleged "that the letter was delivered to his inbox" on a particular date, but he was
prevented from reading the email by circumstances outside his control.  *Id*., at *6.  Specifically,
Mr. Moses ascribed his inability to a "computer system malfunction" resulting from the "Gmail
server" end.  *Id*., at *1.  *Moses* found that this type of delay does not justify a late filing of 93
days after the notice was emailed.
[6] *See also Asuncion v. Austin*, No. cv-23-119 LEK-KJM, 2023 WL 5983760, at *6–7 (D. Haw.
Sept. 14, 2023) (discussing *McDonald*); *Paniconi v. Abington Hosp.-Jefferson Health*, 604 F.
Supp. 3d 290, 292–93 (E.D. Pa. 2022) (applying *McNaney*).

Mr. Nascimben takes the position that receipt of notice occurred on October 22, 2023, the day he downloaded the notice from the EEOC portal.  Dkt. 4 at 1, 2. Accepting Plaintiff's date of receipt as October 22, the deadline to file was January 20, ten days after this action was filed.  Feld Entertainment argues that the date the email notice was received in Mr. Nascimben's inbox is the date of receipt—August 28—or at the latest, the date of the reminder email on September 5.  Under Defendant's interpretation, the last day for filing was either November 27 or December 4.  The date of filing, January 10, 2024, is 135 days from August 28.

Under any reasonable interpretation of the complaint and the EEOC log, Mr. Nascimben falls short of meeting his minimal burden at this stage of showing any plausible set of facts that support the 135-day delay was *through no fault of his own*.  Mr. Nascimben cites no authority, and the Court has found none, to justify his almost two-month delay in downloading the notice from the EEOC's portal, followed by another two-and-a-half-month delay in filing a court action.  Just as failing to open one's mail that is physically delivered through the postal service, ignoring emails does not demonstrate diligence.

## II.    Failure to state a claim for relief pursuant to Rule 12(b)(6)

Defendant correctly argues that Plaintiff has failed to state a claim for either ADA discrimination or retaliation.  Mr. Nascimben's complaint, including the attached "statement of claim" does not meet the pleading standard prescribed by

10

Rules 8 and 10.  Fed. R. Civ. P. 8(a)(2), 10(b).  Although the claims for disability

discrimination and retaliation are set out in numbered paragraphs and in two

different counts, Count Two wholly incorporates Count One.  This type of

"shotgun pleading" is not permitted because it leads "to a situation where most of

the counts (i.e., all but the first) contain irrelevant factual allegations and legal

conclusions." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321,

1324 (11th Cir. 2015) (citation omitted).

After the motion to dismiss, Plaintiff continued to file various supplements

to his complaint, including medical records, none of which is permitted under

either the Federal Rules of Civil Procedure or the Local Rules of the Middle

District.  The pleading at issue is the complaint and its attachments.  Dkt. 1.  The

complaint as it stands does not provide the necessary clarity, given the wholesale

incorporation of Count One into Count Two.

### Count One: ADA discrimination

To allege ADA discrimination, "a plaintiff must show that, at the time of the

adverse employment action, he had a disability, he was a qualified individual, and

he was subjected to unlawful discrimination because of his disability." *Mazzeo v.

Color Resols. Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014).  A qualified

individual "can perform the essential functions of his position with or without

reasonable accommodation." *Williams v. Revco Disc. Drug Ctrs., Inc.*, 552 F.

App'x 919, 921 (11th Cir. 2014) (citing *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1256 (11th Cir. 2007)).  A reasonable accommodation is one that "enables the employee to perform the essential functions of the job." *Holly*, 492 F.3d at 1256.  The essential functions of the job "are the fundamental job duties of a position that an individual with a disability is actually required to perform." *Kassa v. Synovus Fin. Corp.*, 800 F. App'x 804, 809 (11th Cir. 2020) (quoting *Holly*, 492 F.3d at 1257).

As argued by Defendant, Plaintiff fails to allege sufficient facts to show that he had a disability other than a short-term or temporary injury.  Dkt. 12 at 13–14; *see Garrett v .Univ. of Ala. at Birmingham Bd. of Trs.*, 507 F.3d 1306, 1315 (11th Cir. 2007) ("A severe limitation that is short term and temporary is not evidence of a disability."); *Diaz v. Transatlantic Bank*, 367 F. App'x 93, 98 (11th Cir. 2010) (unpublished) (citing *Garrett*); *Godbee v. Sam's West, Inc.*, No. 21-60513-civ-Dimitrouleas, 2022 WL 2804843, at *3 (S.D. Fla. Feb. 17, 2022) (discussing transitory and minor impairments).  Plaintiff will be given an opportunity to replead his ADA discrimination claim.

### Count Two: ADA Retaliation

For ADA retaliation, the plaintiff must allege that (1) he was engaged in statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity.  *See Mecca v. Fla.*

*Health Scis. Ctr. Inc.*, No. 8:12-cv-2561-T-30TBM, 2013 WL 136212, at *3 (M.D. Fla. Jan. 10, 2013) (citing *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1336 (11th Cir. 1999)).  Mr. Nascimben suffered termination.  The issue is whether he was engaged in protected activity and whether termination was causally related to the protected activity.

Because Plaintiff is permitted to replead his ADA claim, and retaliation hinges on whether he alleged a disability to be accommodated, Plaintiff should also amend his retaliation claim, mindful of not wholly incorporating Count One into Count Two.

**III.    Process and Service of Process pursuant to Rule 12(b)(4) and (5)**

A summons was issued to "Juliette Feld Grossman c/o Feld Entertainment, Inc." with a Palmetto, Florida, address.  Dkt. 7.  The proof of service indicates that "Sylvia M. Nascimben" of Largo, Florida, acted as the process server.  Dkt. 11 at 2.  The same document shows that Sylvia Nascimben "served the summons on James Carter" at the Palmetto, Florida, address.  *Id*.  A copy of an email attached to the same summons shows that a process server named Lance Casey of Lance Casey & Associates served the summons on "Feld Entertainment, Inc. c/o CSC Lawyers Incorporating Service" and the recipient as "Rebecca Vang, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833."  Dkt. 11-1 at 2.  The description of service type is "registered agent."  *Id*.

13

A summons must be directed to the proper Defendant, which in this case is Feld Entertainment Inc., a corporation.  The Defendant is not Juliette Feld Grossman as the summons incorrectly shows.

Service of the improperly filled out summons is deficient under both the Federal Rules of Civil Procedure and Florida law.  *See Williams v. Kohler Co.*, No. 5:21-cv-424-LCB, 2022 WL 569992, at *3 (N.D. Ala. Feb. 24, 2022).  Plaintiff left an envelope addressed to Juliette Feld Grossman with security guards at the front gate of Defendant's business.  Under Rule 4(h)(1), (e)(1), service can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  In Florida, a corporation may be served through its registered agent or if the registered agent fails to comply with Florida law, by serving process on the chair of the board of directors, the president, any vice president, the secretary, or the treasurer."  Fla. Stat. § 48.081(2), (3)(a).  Plaintiff failed to served Defendant's registered agent in Florida.

Because service of process is a jurisdictional requirement, this Court lacks jurisdiction over Defendant Feld Entertainment.  *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990); *Williams*, 2022 WL 569992, at *3, citing Fed. R.

Civ. P. 12(b)(5).  Defendant must be properly served with process, unless service is waived.  Defendant has not waived service.

## CONCLUSION

Accordingly, Defendants' motion to dismiss (Dkt. 22) is granted without prejudice.  Plaintiff must file an amended complaint consistent with this order.  An amended complaint must be filed within twenty-one (21) days.  Failure to file an amended complaint will result in the dismissal of this case without further notice.

If an amended complaint is filed, Plaintiff must properly complete a summons to be issued by the Clerk and serve process on the Defendant in accordance with the Federal Rules of Civil Procedure and Florida law.  Proof of service must be filed within thirty (30) days of the filing of the amended complaint. This is required absent Defendant waiving service.

**DONE AND ORDERED** at Tampa, Florida, on August 6, 2024.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**
Plaintiff, *pro se*
Counsel of record