UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID NASCIMBEN**,

    Plaintiff,

    v.                                  Case No. 8:24-cv-98-WFJ-SPF

**FELD ENTERTAINMENT, INC.**,

    Defendant.
_____/

**ORDER
GRANTING DEFENDANT'S
CONVERTED MOTION FOR SUMMARY JUDGMENT**

Before the Court is Defendant's converted motion for summary judgment (Dkt. 39), Plaintiff's opposition (Dkt. 46) and supplemental briefing (Dkt. 53), and Defendant's response (Dkt. 48) and supplemental briefing (Dkt. 52). After careful consideration of the allegations in Plaintiff's complaint (Dkt. 35), the submissions of the parties, and the applicable law, the Court grants summary judgment.

**BACKGROUND**

Feld Entertainment, Inc. ("Feld" or "Defendant") fired David Nascimben ("Plaintiff") on April 6, 2022. Dkt. 35 ¶ 56. Plaintiff then contacted the EEOC on April 13, 2022. Dkt. 46 at 7. His EEOC claim was not complete until June 23, after

1

an investigator interviewed him. Dkt. 35 ¶ 13a; Dkt. 46 at 7. His claim was then transferred to the EEOC's enforcement unit on July 11. Dkt. 46 at 7.

Plaintiff downloaded Defendant's position statement from the EEOC portal on August 12, 2022, and submitted his response on August 29. Dkt. 46 at 8. On November 28, he received an email from EEOC investigator Jesus Gonzalez ("Gonzalez") informing him that the investigation would take time. Dkt. 46 at 9. Plaintiff next heard from the EEOC on August 11, 2023, when Gonzalez, conducting a pre-determination interview ("PDI"), spoke to him, "summariz[ing] the evidence upon which the office Director will make a determination," and "indicat[ing] the proposed finding." Dkt. 48-3 at 3; Dkt. 48-6 at 2.

Then, on August 28, 2023, the EEOC emailed Plaintiff that the notice of right to sue ("NRS") was available to download. Dkt. 35-1 at 19. He disputes receipt of this email and the subsequent reminder email that the EEOC sent on September 5, 2023. Dkt. 35-1 at 19; Dkt. 46 at 4. As evidence, he submits screenshots of his Google email, filtered to show, (1) inbox emails after August 27, 2023, and before August 30, 2023, (2) inbox emails after September 4, 2023, and before September 7, 2023, and (3) and (4), spam emails with the same two filters applied. Dkt. 47 at 2–5. Plaintiff asserts that he examined his email to the best of his ability and was unable to locate the emails and states that he has no memory of them. Dkt. 47 at 4.

2

Plaintiff also submits evidence to show that it would be "prohibitively expensive" to hire a forensic expert to investigate his email for non-receipt. Dkt. 46 at 2–3.

However, the August 28 email was sent to and received by two members of the Defendant's counsel and Defendant, Dkt. 48-3 at 2; Dkt. 48-2 at 7, and Plaintiff has received other emails at the same email address from the EEOC, *see, e.g.*, Dkt. 46 at 9; Dkt. 47 at 22. Defendant also produced an EEOC record of the emails sent to Plaintiff, which included both emails. Dkt. 48-5 at 2–3.

Plaintiff finally downloaded the NRS on October 22, 2023. Dkt. 35-1 at 19. Plaintiff did not file his first complaint until January 10, 2024. Dkt. 35 ¶ 82.

In its motion, Defendant asserts that the complaint was untimely filed because Plaintiff "received" the NRS on either August 28, 2023, the date that the EEOC first emailed him that it was available to download, or September 5, 2023, the date the EEOC sent a reminder. Dkt 39 at 17. On the other hand, Plaintiff asserts he "received" the NRS on October 22, 2023—making the complaint timely—and did not know about it beforehand. Dkt. 35 ¶ 13b; Dkt. 46 at 4, 12.

Plaintiff attaches an unsigned and undated EEOC NRS letter. Dkt. 35 ¶¶ 72, 81; Dkt. 35-1 at 21; Dkt. 46 at 12. The EEOC NRS letter attached by Defendant, as authenticated by the EEOC, is signed and dated August 28, 2023. Dkt. 48-4 at 2; Dkt. 48-7 at 2.

Plaintiff narrates several additional reasons he did not file earlier. He had surgery on March 28, 2023, and was recovering. Dkt. 46 at 11. He moved his mother to New York in July 2023 and moved to Los Angeles in late August. Dkt. 46 at 11. There, he worked part-time as a dog walker while seeking work and only gained permanent employment in October. Dkt 46 at 12. He did not think to check the EEOC website again until the 22nd because of the "emotional strain" of "immediate concerns" for "basic necessities," "personal safety," "living arrangements," and his "new jobs." Dkt 46 at 12. The attorney he had previously contacted closed shop, and he struggled to find legal counsel over the holidays. Dkt. 46 at 13. He also alleges that on November 14, Gonzalez assured him over the phone that he would have ninety days from receipt on October 22 to file his case. Dkt. 46 at 13.

In a prior order, the Court converted Defendant's dismissal motion into one for summary judgment. Dkt. 44 at 16. The Court instructed the parties to limit arguments to the issues of (1) whether Plaintiff timely filed his complaint, and, if not, (2) whether Plaintiff's circumstances warrant equitable tolling. Dkt. 44 at 16. The Court then ordered the Parties to submit additional evidence on whether Plaintiff consented to email notices from the EEOC. Dkt. 51. The Court grants Defendant's motion for summary judgment for the following reasons.

## LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anthony v. Georgia*, 69 F.4th 796, 804 (11th Cir. 2023) (citing Fed. R. Civ. P. 56(a)). "[C]ourts must view the evidence in the light most favorable to the non-movant." *Id.* (citations omitted). "Credibility determinations, weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not [for] a judge . . . ruling on a motion for summary judgment . . . ." *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008) (quotations omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Courts are required to more liberally construe *pro se* plaintiffs' pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, *pro se* plaintiffs must still conform to procedural rules, and courts do not have a "license to act as de facto counsel." *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

## DISCUSSION

### I. Timeliness

Title VII of the Civil Rights Act of 1964 procedurally mandates that plaintiffs must file suit within ninety days after the EEOC provides notice of the right to sue:

> If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference . . . the Commission has not filed a civil action . . . the Commission . . . shall

> so notify the person aggrieved and *within ninety [90] days after the giving of such notice* a civil action may be brought against the respondent . . . (A) by the person claiming to be aggrieved . . . .

42 U.S.C. § 2000e-5(f)(1) (emphasis added). The Americans with Disabilities Act requires the same. 42 U.S.C. § 12117(a) (incorporating procedures of § 2000e-5); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000) (citing *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339–41 (11th Cir. 1999)). Where a defendant contests it, the plaintiff bears the burden of proving timely filing. *Robbins v. Vonage Business, Inc.*, 819 F. App'x 863, 867 (11th Cir. 2020) (citing *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002)).

In such contested cases, the ninety-day period typically begins on the date that the plaintiff or their attorney receives the NRS. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (quoting *Franks v Bowman Transp. Co.*, 495 F.2d 398, 404 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747 (1976)). But when the date of receipt is further contested, the Eleventh Circuit presumes that the NRS is received three days after the EEOC mails it. *Id.* at 953 n.9 (relying on the three-day period extension for mailed notices from Fed. R. Civ. P. 6(d)). There is no evidence here that the EEOC mailed the NRS, so the Court does not apply that rule.

Whether a similar presumption applies to email is an open question in the Eleventh Circuit. Some courts have decided not to apply the presumption for emailed EEOC notices. *See Laliberte v. DG Distribution Se., LLC*, No. 5:24-cv-22 (MTT),

2024 WL 4933323, at *3 n.7 (M.D. Ga. Dec. 2, 2024) (citing *Zillyette*, 179 F.3d at 1342); *Mason v. Derryfield Sch.*, No. 22-cv-104-SE, 2022 WL 16859666, at *4 (D.N.H. Nov. 7, 2022). Other courts have decided to apply the presumption in different contexts. *See Am. Boat Co. v. Unknown Sunken Barge*, 418 F.3d 910, 914 (8th Cir. 2005) (applying a presumption to emails in the CM/ECF context);[1] *Henken v. IW Tr. Funds*, 568 F. Supp. 3d 870, 874 (S.D. Ohio 2021) (same); *Dempster v. Dempster*, No. CV 03-1127 (JS) (ARL), 2006 WL 8452026, at *5 (E.D.N.Y. May 12, 2006) (same); *Abdullah v. Am. Express Co.*, No. 3:12-cv-1037-J-34MCR, 2012 WL 6867675, at *5 (M.D. Fla. Dec. 19, 2012) (applying a presumption to emails sent between parties), *report and recommendation adopted*, 2013 WL 173225 (M.D. Fla. Jan. 16, 2013); *Clearfield v. HCL Am. Inc.*, No. 17-cv-1933(JMF), 2017 WL 2600116, at *2 (S.D.N.Y. June 15, 2017) (same); *In re Leventhal*, No. 10 B 12257, 2012 WL 1067568, at *4 (Bankr. N.D. Ill. Mar. 22, 2012) (same).

A body of nonbinding caselaw has developed to determine a plaintiff's date of legal receipt when they receive an email from the EEOC with the NRS, but contest that it served as notice. *See Hardwick v. Wellstar Health Sys., Inc.*, No. 1:23-cv-5102-TWT-CCB, Doc. 11, at 12–13 (N.D. Ga. July 26, 2024) (citations omitted), *report and recommendation adopted*, Doc. 13 (N.D. Ga. Sept. 9, 2024); *Marsalis v.*

---

[1] CM/ECF is the federal judiciary's online Case Management/Electronic Filing System. *See* M.D. Fla., "Administrative Procedures for Electronic Filing" (rev. effective Apr. 1, 2024), at A.1.

7

*Tijerina*, No. 1:23-cv-5504-VMC-JSA, Doc. 23, at 36 (N.D. Ga. July 19, 2024) (citations omitted). However, these cases do not precisely apply here because Plaintiff contests receipt of the emails. Dkt. 35 ¶ 73.

In *Gray v. Shelby County Board of Education*, the court, facing similar facts and law, adopted a presumption of delivery for emails as it was applied in the CM/ECF context.[2] No. 2:23-cv-2810-MSM-tmp, 2024 WL 5515752, at *9 (W.D. Tenn. Dec. 9, 2024), *report and recommendation adopted*, 2025 WL 754545 (W.D. Tenn. Mar. 10, 2025). This Court is similarly persuaded to apply the presumption for the following reasons.

The EEOC's regulations provide for "digital transmission" of notices. *See* 29 C.F.R. § 1601.3(b) (amended Oct. 15, 2020). EEOC portal user guides also indicate that the portal and email are the primary means of communication. *See* 2 EEOC Public Portal User's Guide 1 (2025) ("The EEOC Public Portal is the primary point of communication . . . ."); 4 EEOC Public Portal User's Guide 2 (2024) ("After you have filed a formal charge with the EEOC, you may follow the progress of your case

---

[2] In *Gray*, the plaintiff allegedly did not receive an email the EEOC sent notifying her the NRS was available when it was posted to the portal on July 12, the same date on the letter. 2024 WL 5515752, at *3. The EEOC investigator warned her that he would be uploading it beforehand. *Id.* at *3–4. She alleged non-receipt of the EEOC's follow-up email on August 8. *Id.* at *6. She could not recall how often she checked her email during that period. *Id.* at *3. She also declined an inspection of her email to see if the emails were received. *Id.* She downloaded the NRS on October 2—the date she argued counts. *Id.* at *2. The EEOC never mailed the NRS. *Id.* at *8. She filed on December 28. *Id.* at *1. The court settled on applying an email presumption after surveying a similar set of cases. *Id.* at *9 (citations omitted).

8

. . . via the EEOC Public Portal. The EEOC will send you an email when action is required . . . .").

Recent cases suggest that the EEOC is following the regulations and guides. *See Gray*, 2024 WL 5515752, at *9; *Alfredo v. MBM Fabricating Co.*, No. 23-cv-10526, 2024 WL 1334305, at *3 (E.D. Mich. Mar. 28, 2024); *Bautista v. Charles Schwab & Co., Inc.*, No. 23-cv-1779-RMR-KAS, 2025 WL 303690, at *2 (D. Colo. Jan. 27, 2025); *Walker v. Prime Commc'ns LP*, No. 4:20-cv-1875-CLM, 2021 WL 3144526, at *1 (N.D. Ala. July 26, 2021). Cases also suggests that CM/ECF sends alert emails just as the EEOC portal does. *See Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 406 n.1 (4th Cir. 2010). Finally, comparing the EEOC's rules and guides to CM/ECF's, Plaintiff consented to receipt of email notice from the EEOC inasmuch as he consented to it from CM/ECF. *See* Fed. R. Civ. P. 5(b)(2)(E) (prescribing completed service upon "filing [the paper] with the court's electronic-filing system"); Fed. R. Civ. P. 5(b) advisory committee's note to 2018 amendment ("[T]he court's electronic-filing system . . . transm[its] [it] to a registered user.").

Applying the presumption, the NRS is presumed to have been delivered on August 28, 2023, the date it was posted, and an email was sent to Plaintiff informing him it was available for download, Dkt. 35-1 at 19—meaning Plaintiff filed 135 days after receipt, well outside of the ninety-day window. *See Gray*, 2024 WL 5515752, at *10. Even if the NRS was instead presumed to have been delivered on September

5, 2023, the date that the EEOC sent a reminder email to Plaintiff to download it, Dkt 39 at 17, Plaintiff's complaint would still have been filed 127 days after receipt, rendering his complaint untimely.

But "if the plaintiff can show that receipt of notice was delayed through no fault of his own," then "the [ninety]-day timer will begin on the day when he actually receives the notice." *Robbins*, 819 F. App'x at 867 (quotations omitted) (quoting *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1242–43 (11th Cir. 1982)). The plaintiff must show that he took "reasonable steps to ensure delivery," and assumed "some minimum responsibility" to effect an "orderly and expeditious resolution"; courts otherwise risk providing an "open-ended time extension." *Id.* (quotations omitted) (quoting *Lewis*, 673 F.2d at 1242–43).

Here, Plaintiff has not shown that he was faultless for his delay in receipt. *Robbins*, 819 F. App'x at 867. Despite the EEOC indicating its proposed finding to him seventeen days before it issued the NRS, Dkt. 48-3 at 2, Plaintiff did not think to check the EEOC portal, Dkt. 46 at 12, until fifty-five days after its issuance and the first email, Dkt. 53-1 at 19. *See Zillyette*, 179 F.3d at 1341 n.3 ("[F]ailure to visit a post office box for a long period of time might result in a [time-barred claim].") (citing *Sousa v. NLRB*, 817 F.2d 10, 11 (2d Cir. 1987)).

Plaintiff testified that he did not receive the two emails, Dkt. 35-1 at 19; Dkt. 46 at 4, but does not point to what or who prevented his receipt, other than briefly

10

speculating about the EEOC's automated email alert system, Dkt. 50 at 3. *See Key v. Hyundai Motor Mfg. Ala., LLC*, No. 2:19-cv-767-ECM, 2023 WL 1928209, at *10 (M.D. Ala. Feb. 10, 2023) (finding claim untimely where plaintiff testified that she never received the letter and speculated that the problem was with the postal service).

Plaintiff's self-serving testimony about non-receipt of the emails is not enough. *See Sevillano v. Orange Cnty., Fla.*, No. 6:19-cv-1461-WWB-DCI, 2021 WL 2431847, at *3 (M.D. Fla. May 26, 2021) (finding self-serving testimony alone insufficient to defeat the presumption of timely mailing and receipt). Plaintiff also submitted screenshots of his inbox and spam folders. Dkt. 47 at 2–5. But those, too, are insufficient, because the absence of the emails could be explained in multiple ways.

Moreover, two members of Defendant's counsel and Defendant received the first email, Dkt. 48-3 at 2; Dkt. 48-2 at 7, Plaintiff received other EEOC emails at the same address, Dkt. 46 at 9; Dkt. 47 at 22, and Defendant produced a record showing that both emails were sent to Plaintiff, Dkt. 48-5 at 2–3. *See Walker*, 2021 WL 3144526, at *2 ("The EEOC definitely sent the email, as [defendant's] counsel received it. And the EEOC sent the letter to the same email address that [the plaintiff] has used for this proceeding and included on the bottom of his affidavit."). Plaintiffs' other reasons for not filing earlier, Dkt. 46 at 11–13, go instead to equitable tolling.

*See Zillyette*, 179 F.3d at 1342 ("Any other hardships to plaintiffs can be accommodated by the equitable tolling rules . . . .") (citations omitted).

## II. Equitable Tolling

The ninety-day limitations period may be equitably tolled. *Stamper v. Duval Cnty. Sch. Bd.*, 863 F.3d 1336, 1342 (11th Cir. 2017). Tolling is an "extraordinary remedy," and the party seeking it must prove diligent pursuit of rights, and some "extraordinary circumstance" beyond their control prevented timely filing. *See id.* at 1342 (citations omitted); *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 94 (1990)); *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (*en banc*); *Jones v. Wynne*, 266 F. App'x 903, 905 (11th Cir. 2008).

Traditional equitable tolling principles define "extraordinary circumstances" to include "fraud, misinformation, or deliberate concealment." *Grant v. Jefferson Energy Coop.*, 348 F. App'x 433, 434 (11th Cir. 2009) (citing *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007)). The Eleventh Circuit has only recognized that tolling applies where (1) the action was pending in a state court, which was the wrong forum, (2) the defendant concealed facts, or (3) the EEOC misled a plaintiff about the nature of his rights under Title VII. *See Jones*, 266 F. App'x at 906 (citing *Chappell v. Emco Mach. Works Co.*, 601 F.2d 1295, 1302–03 (5th Cir. 1979)).

Plaintiff only alleges facts in support of the third cause of equitable tolling—he called Gonzalez, who told him that "your lawsuit must be filed within [ninety] days of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document." Dkt. 46 at 12–13. Even if the Court accepted this as fact, it would still be insufficient to support tolling. *See Armstrong v. Martin Marietta Corp.*, 138 F.3d 1374, 1393 (11th Cir. 1998) (tolling for class members, who the EEOC affirmatively misinformed by telling them they had "two or three years" to file suit, but not tolling for class members who were not informed of the limitations period but were "well-prepared to ascertain" it).

The same language that Plaintiff alleges misled him is in the NRS. Dkt. 48-4 at 2 ("[Y]our lawsuit must be filed within [ninety] days of your receipt of this notice. Receipt generally occurs on the date that you (or your representative) view this document."). And under this language, courts have held that the ninety-day period applied. *See Goodwin v. Strickland Paper Co.*, No. 2:22-cv-1486-AMM, 2025 WL 756022, at *2, *7–8 (N.D. Ala. Mar. 10, 2025); *McElroy v. Jefferson Cnty. Comm'n*, No. 2:23-cv-62-ACA, 2024 WL 150501, at *3 (N.D. Ala. Jan. 12, 2024).

This evidence does not indicate that Gonzalez misled Plaintiff in any way that warrants the Court now suspending the limitations period. *See Kazanzas v. Walt Disney World Co.*, 704 F.2d 1527, 1530 (11th Cir. 1983) ("[I]gnorance of legal rights or failure to seek legal advice does not toll the statute."). Plaintiff admits he viewed

13

the NRS on October 22, providing him with thirty-five days to timely file. *See Adebiyi v. City of Riverdale*, No. 1:09-cv-25-RWS-JFK, 2010 WL 11493635, at *8 (N.D. Ga. Aug. 18, 2010) (holding that a delay in receiving the NRS did not toll because the plaintiff still had seventy-nine days to file timely).

Plaintiff's other reasons for not filing sooner—that he had surgery, was recovering, and moved his mother cross-country months prior, moved himself cross-country in late August, and thereafter worked part-time while seeking permanent employment, started a new job, was under "emotional strain," did not have an attorney and struggled to find one during holiday season, Dkt. 46 at 11–13—are also inapposite. *See Crocker v. Wellstar Health Sys., Inc.*, No. 1:20-cv-5071-TWT-JKL, 2021 WL 2480112, at *3–4 (N.D. Ga. Mar. 2, 2021) (finding that tolling was not warranted where plaintiff's counsel withdrew thirty days into the ninety day period, she was unable to find replacement counsel due to the pandemic, she was unfamiliar with the law, she had a busy schedule, and her daughter had a mental health episode on the eve of the filing deadline) (citations omitted). Therefore, equitable tolling does not apply, and Plaintiff's complaint is time-barred.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) Defendant's converted motion for summary judgment (Dkt. 39) is **GRANTED**.

(2) The Clerk is **DIRECTED** to enter final judgment in favor of Defendant, **TERMINATE** any pending motions and deadlines, and **CLOSE** the case.

**DONE AND ORDERED** at Tampa, Florida, on May 2, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record and Plaintiff, *pro se*